

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 5, 2005

Colonel Thomas A. Davis Jr.
Director
Texas Department of Public Safety
5805 North Lamar Boulevard
Post Office Box 4087
Austin, Texas 78773-0001

Opinion No. GA-0365

Re: Whether a peace officer commissioned by the Texas Department of Public Safety is an "appointed officer" for purposes of article XVI, section 1 of the Texas Constitution (RQ-0333-GA)

Dear Colonel Davis:

You request our opinion on whether a "peace officer employed by the Texas Department of Public Safety [is] an 'appointed officer' and a holder of a public office, and therefore required to comply with Article XVI, Section 1 of the Texas Constitution every two years as required by Article XVI, Section 30(a)."[1] You inform us that, based on a previous opinion in which this office determined that Texas Department of Public Safety (the "Department" or "DPS") officers hold a public office, DPS commissioned officers take the official oath of office every two years. *See* Request Letter, *supra* note 1, at 1.

Article XVI, section 30(a) of the Texas Constitution states that the "duration of all offices not fixed by this Constitution shall never exceed two years." TEX. CONST. art. XVI, § 30. Article XVI, section 1 provides that all "elected and appointed officers, before they enter upon the duties of their offices, shall take the following Oath or Affirmation."[2] *Id.* § 1. DPS officers are not elected.

---

[1]Request Letter from Colonel Thomas A. Davis Jr., Director, Texas Department of Public Safety, to Honorable Greg Abbott, Texas Attorney General (Mar. 29, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The oath is as follows:

I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God.

TEX. CONST. art. XVI, § 1(a). Before taking the oath of office, all elected and appointed officers must subscribe to the following statement:

I, _____, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public

(continued...)

Instead, they are appointed[3] and commissioned.[4] The term "appoint" in the Texas Constitution does not have the same meaning as it does in chapter 411 of the Government Code because the latter's usage includes the appointment of employees.[5] *See* TEX. GOV'T CODE ANN. § 411.007 (Vernon 2005) ("may appoint . . . any officer or employee"). Therefore, we understand your question to inquire generally whether a DPS commissioned officer is a public officer subject to article XVI, section 1.

## I.    **Legal Background**

In 1955, the Texas Supreme Court in *Aldine Independent School District v. Standley* adopted a standard by which to determine whether a person occupying a particular position is a public officer. *See Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (citing *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.–Galveston 1949, writ ref'd)). Under the *Aldine* standard, the "determining factor [that] distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Id.* at 583. The question before the *Aldine* Court was whether a position was a public office under article V, section 24 (removal of county officers) or article XVI, section 30 (duration of public office) of the Texas Constitution. *See id.* at 580. The constitutional oath of office provision found in article XVI, section 1 was not at issue in *Aldine*. *See generally id.* at 578.

Article XVI, section 1 was directly at issue when, in 1977, this office considered the question of "[w]hether commissioned officers of the Department of Public Safety must take the constitutional oath of office." Tex. Att'y Gen. Op. No. H-1027 (1977) at 2-3. Despite having used the *Aldine* standard in the context of other constitutional provisions pertaining to public officers, this office concluded that DPS officers did hold a "public office" under article XVI, section 1 and therefore were required to take the oath. *See id.* That conclusion was based not on *Aldine* but rather on a statutory provision explicitly requiring DPS officers to take the oath and a Texas Supreme Court

---

[2](...continued)
office or employment for the giving or withholding of a vote at the election at which I was elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help me God.

*Id.* § 1(b).

[3]The director of public safety "may *appoint*, promote, reduce, suspend, or discharge any officer or employee of the department." TEX. GOV'T CODE ANN. § 411.007(a) (Vernon 2005) (emphasis added).

[4]"The law enforcement agency that appoints a peace officer 'commissions' him, thereby giving him the legal power to act as a peace officer." Tex. Att'y Gen. Op. No. GA-0214 (2004) at 1 (citing 37 TEX. ADMIN. CODE § 211.1(a)(6), (14) (2004)). *See also* 37 TEX. ADMIN. CODE §§ 211.1(a)(8) (2005) (defining "appointed" to mean "[e]lected or commissioned by an agency as a peace officer"), 211.1(a)(15) (defining "commissioned" as "given the legal power to act as a peace officer or reserve, whether elected, employed, or appointed").

[5]*See* Tex. Att'y Gen. Op. No. GA-0214 (2004) at 1 n.2 (stating a "statute may describe the person holding a public position as an 'officer,' but that title does not necessarily mean the person holds a public office") (citing Tex. Att'y Gen. Op. No. JM-480 (1986) at 3; Tex. Att'y Gen. LO-90-62, at 3).

opinion describing, without analysis, police officers as "public officers." *See id.* at 2 (citing article 6701d-11, section 16 of the Revised Civil Statutes, and *Sawyer v. City of San Antonio*, 234 S.W.2d 398, 401 (Tex. 1950)). The express statutory requirement that DPS officers take the oath was repealed in 1995.[6] However, the *Sawyer* opinion on which H-1027 is partly based has never been overruled. Neither have other early opinions stating the general proposition that police officers are public officers. *See, e.g., Yett v. Cook*, 281 S.W. 837 (Tex. 1926); *Irwin v. State*, 177 S.W.2d 970 (Tex. Crim. App. 1944); *Ex Parte Preston*, 161 S.W. 115 (Tex. Crim. App. 1913).

However, when asked whether city police officers were public officers within the meaning of article XVI, section 40 (dual office holding), this office recognized that "Texas courts would no longer follow" the general principle from old cases that a police officer is a public officer and used the *Aldine* standard to determine that city police officers and sheriff's deputies did not as a matter of law "hold civil[7] offices [within the meaning of] article XVI, section 40." Tex. Att'y Gen. Op. No. DM-212 (1993) at 1, 5-6. Attorney General Opinion DM-212 concluded that the question depended on application of the *Aldine* standard to the relevant facts and could not be answered in the opinion process. *See id.* at 6.

Article XVI, section 1 was the context of a 1996 opinion from this office that revisited the issue of peace officers as public officers. *See* Tex. Att'y Gen. Op. No. DM-381 (1996). Attorney General Opinion DM-381 affirmed DM-212, which concluded that city police officers were not as a matter of law public officers within article XVI, section 40 (dual office holding). *See id.* at 2. DM-381 recognized the *Aldine* standard but noted that the early judicial opinions on which it had been based had never been overturned and had relied on Code of Criminal Procedure provisions to conclude that city police officers are public officers. *See id.* at 2-3. Those Code of Criminal Procedure provisions list peace officer positions and provide that peace officers are included within the general term of officers. *See id.* at 3; *see also* TEX. CODE CRIM. PROC. ANN. arts. 2.12, 3.03 (Vernon 2005). Because of a lack of judicial guidance on whether Texas courts would rely on the Code of Criminal Procedure provisions or *Aldine* to decide the public officer question under article XVI, section 1, this office in DM-381 advised that city police officers should "err on the side of caution, and [] assume that a police officer must take the oath." Tex. Att'y Gen. Op. No. DM-381 (1996) at 8. Now you ask us to consider the question again with respect to DPS commissioned officers and article XVI, section 1. *See* Request Letter, *supra* note 1, at 1.

## II.    Analysis

When DM-381 was written, this office did not believe there was sufficient judicial guidance on whether the *Aldine* standard was the pertinent standard for determining whether an officer was

---

[6]*See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871 (effective Sept. 1, 1995).

[7]There is no longer any distinction between a civil office and a public office. *See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.–Beaumont 1966, writ ref'd n.r.e.) ("We see no difference in the meaning of public office and civil office."). *See also* Tex. Att'y Gen. Op. Nos. GA-0214 (2004) at 1, JM-480 (1986) at 1, MW-415 (1981) at 2 (term "civil office" used interchangeably with "public office").

a public officer under article XVI, section 1. *See* Tex. Att'y Gen. Op. No. DM-381 (1996) at 3. Subsequent judicial decisions and attorney general opinions, however, have developed the question further.

## A.    Applicable Standard

The *Aldine* case examined the question of a public officer in the context of article V, section 24 (removal of county officers) and article XVI, section 30 (duration of public office). *See Aldine*, 280 S.W.2d at 580. Subsequently, the *Aldine* standard has been applied to other constitutional provisions concerning officers and offices. It has been used to determine whether an office was a public office under article XVI, section 40 of the Texas Constitution (dual office holding).[8] *See, e.g., State ex. rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994). The standard in *Aldine* has been used to decide whether a position was a public office under article IV, section 12 (vacancies in state or district offices),[9] article XVI, section 14 (residence of civil officers),[10] and article XVI, section 61 (compensation of officers),[11] and article II, section 1 (separation of powers).[12] The *Aldine* standard was used to determine whether a position was a public office under provisions in the Texas Election Code,[13] the Civil Service Act,[14] and the Nepotism Statute.[15]

We find no judicial decision prior to Attorney General Opinion DM-381 utilizing the *Aldine* standard to decide specifically whether a person holding a position was a public officer under article XVI, section 1, the provision at issue here. However, since DM-381 two courts have utilized the *Aldine* standard to consider whether a person was a public officer within the scope of article XVI, section 1.

In *Prieto Bail Bonds v. Texas*, the El Paso Court of Appeals was asked to determine whether a senior judge was an appointed officer required to take the article XVI, section 1 oath. *See Prieto Bail Bonds v. Tex.*, 994 S.W.2d 316, 318-20 (Tex. App.–El Paso 1999, pet. ref'd). In considering

---

[8] *See also Tilley*, 405 S.W.2d at 224; Tex. Att'y Gen. Op. Nos. GA-0250 (2004) at 2, JM-485 (1986) at 1-2, MW-39 (1979) at 1-2.

[9]*See* Tex. Att'y Gen. Op. No. JC-0345 (2001) at 2.

[10]*See Powell v. State*, 898 S.W.2d 821, 824 (Tex. Crim. App. 1994).

[11]*See Harris County v. Schoenbacher*, 594 S.W.2d 106, 109 (Tex. Civ. App.–Houston [1st Dist.] 1979, writ ref'd n.r.e.).

[12]*Ruiz v. State*, 540 S.W.2d 809, 811 (Tex. Civ. App.–Corpus Christi 1976, no writ).

[13]*See Stelzer v. Huddleston*, 526 S.W.2d 710, 714 (Tex. Civ. App.–Tyler 1975, writ dism'd).

[14]*See Green v. Stewart*, 516 S.W.2d 133, 135 (Tex. 1974).

[15]*See Pena v. Rio Grande City Consol. Indep. Sch. Dist.*, 616 S.W.2d 658, 659-60 (Tex. Civ. App.–Eastland 1981, no writ).

the question, the court looked to the *Aldine* standard and determined that the authorization to "pronounce judgment and to adjudicate the rights of parties . . . [is] a sovereign function." *Id.* at 320. Based on its analysis under *Aldine*, the court concluded that senior judges are public officers. *See id.*

In a more recent case, it was alleged that because of their authority to "prosecute, interrogate children in secret, [and] remove children from their homes," caseworkers of the Texas Department of Protective and Regulatory Services were public officers required to take the constitutional oath. *See Alvarez v. Tex. Dep't of Protective & Regulatory Svcs.*, No. 03-02-00008-CV, 2002 WL 31599225 at *1 (Tex. App.–Austin, Nov. 21, 2002) (not designated for publication). The unpublished opinion of the Austin Court of Appeals utilized the *Aldine* standard to determine that the caseworkers were not public officers under article XVI, section 1. *See id.* Though unpublished and without precedential value, the court's recent use of the *Aldine* test to consider the public officer question under article XVI, section 1 is consistent with the *Prieto* opinion.

In addition to these judicial opinions using the *Aldine* standard to examine the public officer question in the precise context of article XVI, section 1, this office has issued numerous opinions using the *Aldine* test in many different contexts. In Attorney General Opinion JC-0562, this office said that the "test in Texas for whether one is an officer is whether one exercises 'any sovereign function of the government . . . for the benefit of the public largely independent of the control of others.'" Tex. Att'y Gen. Op. No. JC-0562 (2002) at 2 (citing *Aldine Indep. Sch. Dist.*, 280 S.W.2d at 583). Opinion JC-0562 construed "public officer" in the context of article XI, section 1 and article XVI, section 65 (term of office; automatic resignation) of the Texas Constitution. *See id.* In Attorney General Opinion GA-0217, this office was asked whether article XI, section 11 (municipal term of office) applied to city police officers. *See* Tex. Att'y Gen. Op. No. GA-0217 (2004) at 2. The opinion recognized that the *Aldine* standard was the appropriate test and opined that the "determination [of] whether a particular police officer holds an office for constitutional purposes involves questions of fact and cannot be resolved in an attorney general opinion." *Id.* at 4. The *Aldine* standard was also recently utilized to determine whether members of a water district's board of directors were "officers" pursuant to several provisions of the Texas Water Code. *See* Tex. Att'y Gen. Op. No. GA-0284 (2004) at 2-3.

Based on the recent use of the *Aldine* standard by a court of appeals to determine that a position was a public office under article XVI, section 1, and based on attorney general opinions utilizing the *Aldine* standard pursuant to a variety of constitutional and statutory provisions, we believe that sufficient guidance now exists to support the conclusion that the *Aldine* standard is the definitive test by which to determine whether a particular position is a public office for purposes of article XVI, section 1. Pursuant to this conclusion, we overrule Attorney General Opinions H-1027 (1977) and DM-381 (1996) to the extent they are inconsistent with this opinion.

## B.    DPS Commissioned Officers

To determine whether a particular position is a public office, we look to the statutory and constitutional provisions governing the position to determine "whether any sovereign function

of the government is conferred upon the individual to be exercised by [the person] for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist.*, 280 S.W.2d at 583. Moreover, this office has consistently said since 1993 that with respect to peace officers that "[the *Aldine*] test must be applied on a case-by-case basis and raises questions of fact that cannot be resolved in the opinion process." Tex. Att'y Gen. Op. No. GA-0214 (2004) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0217 (2004) at 4, GA-0021 (2003) at 5, DM-212 (1993) at 2.

You inform us that all DPS officers below the rank of colonel are subject to the control and supervision of the Public Safety Commission and the Director of the DPS through their chain of command. *See* Request Letter, *supra* note 1, at 3. However, we find no definitive statute or administrative rule regarding the precise job duties and chain of command structure. The Department by rule has listed fourteen major infractions that serve as "sufficient cause for the discharge . . . of any member of the department of public safety." 37 TEX. ADMIN. CODE. § 1.114(b) (2005). We note that the Texas Government Code authorizes the Director of the Department of Public Safety to "discharge any officer or employee of the department" for just cause. *See* TEX. GOV'T CODE ANN. § 411.007(a), (e) (Vernon 2005). We believe that a DPS commissioned officer, who would be subject to discharge for one of these infractions or otherwise for just cause, does not therefore act "largely independent of the control of others."[16] Pursuant to prior opinions of this office, the question is a fact question for the Department to resolve. If the facts reveal that the specific officers about whom you inquire are subject to discharge by the director, they are not public officers required to take the oath of office under article XVI, section 1 of the Texas Constitution.

---

[16]We do not mean to imply here that a DPS commissioned officer not subject to discharge for one of the listed infractions is necessarily a public officer. Ultimately, the question of whether a particular position is a public office is a fact question.

### S U M M A R Y

In the context of article V, section 24 and article XVI, section 30 of the Texas Constitution, the Texas Supreme Court in *Aldine Independent School District v. Standley* established a standard by which to determine whether an individual holds a public office. That standard asks whether "any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others."

The *Aldine* standard is also the appropriate standard by which to determine, under article XVI, section 1 of the Texas Constitution, whether a particular position is a public office. We therefore overrule Attorney General Opinions H-1027 (1977) and DM-381 (1996) to the extent they conflict with this opinion.

If the officers in question are subject to discharge by the Director of the Department of Public Safety, they are not public officers subject to article XVI, section 1 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee